FILED
01 JAN 19 PM 2: 01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NTL, L.L.C. d/b/a CLUB 2000; WILLIAM KIMBLE BRADFORD, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BILL PRYOR, in his official capacity as the Attorney General of the State of Alabama; JOSEPH DALE HUBBARD, in his official capacity as the District Attorney of the County of Calhoun, Alabama; and LARRY DEAN AMERSON, in his official capacity as the Sheriff of Calhoun County, Alabama, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | CV 00-BU-2335-E<br><br>ENTERED<br>JAN 1 9 2001 |

## Memorandum Opinion

In the above-styled action, brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, Plaintiffs NTL, L.L.C. d/b/a Club 2000 and William Kimble Bradford challenge the constitutionality of § 13A-12-200.11, Alabama Code (2000), which makes it a Class C felony[1]

> for any business establishment or any private club to show or allow to be shown for entertainment purposes the human male or female genitals, pubic

---

[1] Under Alabama law, a Class C felony is punishable by a term of imprisonment of not more than 10 years or less than 1 year and 1 day. Section 13A-5-6(a)(3), Ala. Code (2000).

26

    area, or buttocks with less than a fully opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple, or the depiction of covered male genitals in a discernibly turgid state.

Plaintiffs' complaint seeks a judgment declaring that § 13A-12-200.11, which became effective July 1, 1998 as one of several amendments to the Alabama Anti-Obscenity Act, § 13A-12-200.1 et seq., is unconstitutional, both on its face and as applied. Plaintiffs also seek preliminary and permanent injunctive relief barring Defendants, Bill Pryor, the Attorney General for the State of Alabama; Joseph Dale Hubbard, the District Attorney of the County of Calhoun, Alabama; and Larry Dean Amerson, the Sheriff of Calhoun County, from enforcing the statute. Now before the Court are two pending motions. One was filed January 4, 2001 by Plaintiffs, who request a preliminary injunction barring Defendants from enforcing § 13A-12-200.11 "through and until this matter is concluded." (Doc. No. 19). The other is a motion to dismiss filed January 8, 2001 by Defendants, who argue that this Court should abstain from deciding the controversy under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). (Doc. No. 23). The parties have filed briefs and presented oral argument on the motions, which are ripe for decision. The Court concludes that Defendants' motion to dismiss is due to be GRANTED, which renders MOOT Plaintiffs' motion for a preliminary injunction.

## I. BACKGROUND

    The record reveals the following salient facts: Plaintiff NTL, L.L.C. ("Club 2000") is an Alabama limited liability company which transacts business under the trade name "Club 2000," with its principal place of business located in Hobson City, Calhoun County, Alabama. Complaint ¶ 6. Club 2000 offers entertainment to its customers, including, among other things, female dancers who perform in various stages of dress and undress, with some performances being in the nude. Id. Plaintiff Bradford is the sole "member" of Club 2000, and he "controls and directs" its business affairs. Id. ¶ 7. On or

about June 8, 2000, Bradford was arrested for a violation of § 13A-12-200.11 after a female dancer at Club 2000 removed her bikini-style top during a routine. See id; Bradford Declaration of January 4, 2001 ¶ 5 (Doc. No. 20). After being arrested, he was released on bond, and a criminal prosecution based on his arrest is pending in the District Court of Calhoun County. See Bradford Declaration of August 22, 2000 ¶ 9 & Exhibit A thereto (Doc. No. 5).

Plaintiffs filed their complaint in this Court on August 22, 2000, naming as Defendants Pryor, Hubbard, and Amerson, each in their respective official capacities only. Plaintiffs requested that the Court declare that § 13A-12-200.11 is unconstitutional, both facially and as applied, and that the Court issue preliminary and permanent injunctive relief in their favor "barring the defendants from enforcing the challenged statute." Complaint at 5. Specifically, Plaintiffs claim that § 13A-12-200.11 violates the First Amendment's guarantee of freedom of speech.[2] Id. ¶ 2. After Plaintiffs effected service upon Defendants on December 19, 2000, Plaintiffs filed their motion for a preliminary injunction on January 4, 2001. Defendants responded by filing their motion to dismiss on January 8, 2001, arguing that this Court should abstain from adjudicating Plaintiffs' claims pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).

## II. DISCUSSION

Obviously, the Court must determine the Younger abstention matter prior to attempting to resolve any question of whether Plaintiffs are entitled to a preliminary injunction, which would involve an inquiry into the merits. In Younger, the Supreme

---

[2]The First Amendment provides in pertinent part, "Congress shall make no law . . . abridging the freedom of speech." Although the First Amendment is, by its terms, a restriction on the power of "Congress," the right to freedom of speech applies to the States under the Due Process Clause of the Fourteenth Amendment. 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 489 n.1 (1996).

Court held that principles of equity and federalism demand that federal courts forebear from restraining pending state criminal prosecutions unless the federal court plaintiff establishes "great and immediate" irreparable injury, beyond "that incidental to every criminal proceeding brought lawfully and in good faith." 401 U.S. at 46, 47 (internal quotation marks omitted). Even where a plaintiff is the subject of a pending state prosecution under a statute that he argues is unconstitutional, the federal court generally should not intervene provided that the plaintiff has an adequate remedy at law in raising this constitutional defense in the state proceeding. See id. at 45. Moreover, neither the fact that statute may possibly be unconstitutional on its face nor that it may have a "chilling effect" upon First Amendment rights are sufficient, in themselves, to justify an injunction against good-faith attempts to enforce it. Id. at 51, 54. Younger and its progeny have recognized, however, narrow exceptions to its fundamental rule of abstinence in the limited cases of bad faith, harassing police and prosecutorial actions pursued without "any expectation of securing valid convictions," id. at 48; where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," id. at 53-54 (internal quotation marks omitted), or where there are other "extraordinary circumstances creating [a] pressing need for immediate federal equitable relief." Moore v. Sims, 442 U.S. 415, 433 (1979) (quoting Kugler v. Helfant, 421 U.S. 117, 124-25 (1975) (internal quotation marks omitted).

    In a companion case issued the same day as Younger, the Supreme Court held that federal courts should also abstain from granting declaratory relief if Younger would have barred an injunction in the circumstances. Samuels v. Mackell, 401 U.S. 66 (1971). While Younger itself involved a requested injunction of a pending criminal prosecution, it has been recognized that its abstention doctrine also applies where state criminal proceedings have commenced against a federal plaintiff who seeks an injunction restraining only future

criminal prosecutions. See Redner v. Citrus County, Florida, 919 F.2d 646, 648-650 (11th Cir. 1990) (holding abstention appropriate, implicitly rejecting the plaintiff's contention "that Younger does not apply because he requested no injunction of on-going state criminal proceedings, but instead requested an injunction of future prosecutions"); Top Shelf, Inc. v. The May and Aldermen for the City of Savannah, 832 F.Supp. 361, 364 (S.D. Ga. 1993); Ballard v. Wilson, 856 F.2d 1568, 1570 (5th Cir. 1988); United Books v. Conte, 739 F.2d 30, 33 (1st Cir. 1984).

When Plaintiffs filed this action, Bradford admittedly had been arrested for violating § 13A-12-200.11, released on bond, and a criminal prosecution was pending in state court. Thus, there can be no dispute that there are on-going state criminal proceedings against Bradford for purposes of Younger abstention. See Redner, 919 F.2d at 649. Plaintiffs are seeking injunctive and declaratory relief in this action that clearly would preclude and/or interfere with such criminal proceedings. Plaintiffs emphasized at oral argument on the motion to dismiss, however, that even though a criminal prosecution is pending with respect to Bradford individually, there are no pending state criminal proceedings pertaining specifically to Club 2000. Therefore, Plaintiffs contend, Younger should not apply to deprive Club 2000, which is a separate legal entity, of its right independently to pursue declaratory and injunctive relief with regard to the constitutionality of § 13A-12-200.11. The Court disagrees.

Ordinarily, persons or corporations not subject to ongoing state proceedings who show a genuine threat of prosecution may seek declaratory relief, Steffel v. Thompson, 415 U.S. 452 (1974), or injunctive relief, Doran v. Salem Inn, Inc., 422 U.S. 922 (1975). However, unitary treatment is warranted under Younger in an employer's federal suit when its employees can vindicate identical interests by asserting them in a pending state court proceeding, see Hicks v. Miranda, 422 U.S. 332, 348-49 (1975), and in cases which federal plaintiffs are closely related to state defendants "in terms of ownership, control and

management." Doran v. Salem Inn, 422 U.S. 922, 928-29 (1975).

It is undisputed that Bradford is the sole owner of Club 2000 and that he controls and directs its affairs. Therefore, it is obvious that both Plaintiffs, Club 2000 and Bradford, have the same interest in challenging the constitutionality of § 13A-12-200.11. Any federal claim Club 2000 has can be adequately served by Bradford's assertion of a constitutional defense in the state criminal proceedings. Therefore, Bradford and Club 2000 are to be treated alike for purposes of Younger abstention, notwithstanding that state criminal proceedings are pending only against Bradford individually. See Hicks, 422 U.S. at 348-49 (holding that Younger barred consideration of the federal claims of an adult theater operator who sought declaratory and injunctive relief in federal court challenging the constitutionality of a state obscenity statute, where the operator's interests were "intertwined" with those of its employees who were subject to pending state criminal proceedings for showing an allegedly obscene film in the course of their employment).

Plaintiffs next argue that Younger abstention does not apply at all because they seek relief under the Civil Rights Act, specifically 42 U.S.C. § 1983. See Plaintiffs' Response to Motion to Dismiss at 6. According to Plaintiffs, the Supreme Court "modified" Younger by holding in Zablocki v. Redhail, 434 U.S. 374 (1978), that plaintiffs bringing claims under section 1983 need not present their claims to a state court before bringing suit in federal court. Id. While Zablocki does reaffirm that a plaintiff need not exhaust state remedies before bringing a section 1983 claim, it also expressly held that Younger was inapplicable because there were no pending state proceedings in which the plaintiff might have challenged the constitutionality of the statute in question. See 434 U.S. at 379 n.5. In the instant case, there is undisputedly a pending criminal prosecution against Bradford, at which he might assert a defense that § 13A-12-200.11 is unconstitutional. Thus, Zablocki is distinguishable, and Plaintiffs' argument pertaining to exhaustion in section 1983 cases simply misses the mark. Cf. Ohio Civil Rights Com'n

v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 n.2 (1986) ("The application of the Younger principle to pending state administrative proceedings is fully consistent with Patsy v. Florida Board of Regents, 457 U.S. 496 [ ] (1982), which holds that litigants need not exhaust their administrative remedies prior to bringing a § 1983 suit in federal court.").

Plaintiffs also claim that abstention is inappropriate under Wooley v. Maynard, 430 U.S. 705 (1977). In that case, the plaintiffs were a husband and wife who brought suit in federal court seeking declaratory and injunctive relief against enforcement of a New Hampshire law insofar as it required the display of the state motto, "Live Free or Die," on motor vehicle license plates. Id. at 707-08. At the time suit was filed, the husband had been convicted for obscuring the motto, and he had served his full sentence of 15 days in jail, while his wife had never been prosecuted. Id. at 708. The Supreme Court held that Younger abstention was not warranted given that the husband's criminal prosecution was wholly concluded and that both plaintiffs had demonstrated a genuine threat of future prosecution. Id. at 710-11. Plaintiffs argue that they, like the plaintiffs in Wooley, have shown that there is a genuine threat of prosecution. Indeed, what Plaintiffs overlook is that a prosecution is, in fact, now pending. Wooley is plainly distinguishable precisely because there were no pending state proceedings, while here there are. Accordingly, Wooley does not counsel against the application of Younger abstention.

The Court concludes that Younger and its progeny direct that this Court abstain from adjudicating Plaintiffs' claims for declaratory and injunctive relief, absent a showing that one or more of the narrow exceptions to the doctrine is applicable. There has been no showing at all of bad faith or harassment. Moreover, even if § 13A-12-200.11 is ultimately adjudged to violate the First Amendment, the Court concludes that it cannot be said to do so in such a wholly patent or flagrant fashion to fit within that exception to Younger. The United States Court of Appeals for the Eleventh Circuit has just released

an opinion in a case challenging the facial constitutionality of § 13A-12-200.11, in which it vacated the district court's holding that the statute was constitutional, but remanded the case for further factfinding the Court of Appeals deemed necessary for an ultimate resolution of the constitutional issue. See The Ranch House, Inc. v. Amerson, ___ F.3d ___, 2001 WL 402215 (11th Cir. Jan. 17, 2001). Because the Court of Appeals could not find that the statute was due to be invalidated based solely on the statutory language, it is difficult for this Court to conceive how the statute could fall within Younger's exception for patently and flagrantly unconstitutional laws.

Plaintiffs finally argue, however, that this case meets the "exceptional circumstances" exception set forth in Younger, because Bradford's arrest and any pending prosecution for a violation of § 13A-12-200.11 would allegedly violate an injunction against enforcement of that statute ordered by the Eleventh Circuit Court of Appeals. The Court recognizes that shortly after Judge Propst of this Court found in Ranch House that § 13A-12-200.11 and another section of the Alabama Anti-Obscenity Enforcement Act were both facially constitutional, see The Ranch House, Inc. v. Amerson, 22 F.Supp. 2d 1296 (N.D. Ala. 1998), vacated and remanded, ___ F.3d ___, 2001 WL 402215, he issued an order pursuant to Fed. R. Civ. P. 62(c), stating in pertinent part as follows: "[T]he court ORDERS, DIRECTS and ENJOINS the defendants to cease any further enforcement of the statutes addressed in this court's Memorandum Opinion filed on September 30, 1998 until December 2, 1998." The Ranch House, Inc. v. Amerson, CV 98-PT-1638-E (N.D. Ala., filed November 2, 1998) (Doc. No. 30). Although Judge Propst's order expired by its express terms on December 2, 1998, the Eleventh Circuit Court of Appeals issued an order on December 1, 1998, presumably pursuant to Fed. R. Civ. P. 62(g), stating in pertinent part, "Appellant's 'emergency motion to continue stay against enforcement pending appeal' is GRANTED pending appeal." Id., No. 98-0657 (11th Cir., filed December 1, 1998). Plaintiffs in the instant case urge that such order had

the effect of continuing the terms of the injunction entered by Judge Propst, which they interpret broadly as precluding any enforcement whatsoever of § 13A-12-200.11 against any party until after such stay is lifted by the Eleventh Circuit. Because Defendants violated the Eleventh Circuit's injunction by arresting and prosecuting Bradford for violating § 13A-12-200.11, so goes the Plaintiffs' argument, this Court should find extraordinary circumstances present to justify review of Plaintiffs' claims for injunctive and declaratory relief. Again, the Court disagrees.

Even assuming that the violation of a temporary injunction against enforcement of a statute would supply the requisite extraordinary circumstances under Younger, which is not at all certain, the Court finds that it is clear that the Eleventh Circuit's injunction in Ranch House does not reach an arrest or prosecution of Plaintiff, who was not a party to that case. The Court acknowledges that, upon its issuance, there might have been some ambiguity in the Eleventh Circuit's brief order in Ranch House granting a stay of enforcement of the statute, so as to perhaps bring an arrest and prosecution of nonparties, within the scope of its literal terms, assuming that it incorporated the terms of Judge Propst's order granting a temporary injunction. However, any such interpretation is not viable in light of the Eleventh Circuit's opinion of January 17, 2001 vacating and remanding that case for further proceedings. The Eleventh Circuit there stated clearly, "To preserve the status quo, we also continue this Court's existing injunction prohibiting enforcement of [§ 13A-12-200.11 and § 13A-12-200.5(4)] with respect to Ranch House's existing businesses." ___ F.3d at ___, 2001 WL 402215, *15 (emphasis added). Moreover, there is no indication whatsoever that the Eleventh Circuit intended for its injunction to prohibit any and all enforcement of § 13A-12-200.11 as to nonparties to the Ranch House litigation. Thus, the Court concludes, it is clear that the Eleventh Circuit's order enjoining enforcement of § 13A-12-200.11 contemplates enforcement only with regard to the businesses of the plaintiff in Ranch House, not third parties such as Plaintiffs in the

instant case. Accordingly, Plaintiffs' argument that extraordinary circumstances are present based on a violation of the Eleventh Circuit's injunction order is without merit.

The Court concludes that the principles set forth in Younger and its progeny require that it abstain from adjudicating Plaintiffs' claims, which seek declaratory and injunctive relief. Therefore, Defendants' motion to dismiss is due to be GRANTED. However, because a dismissal based on Younger abstention does not implicate a decision on the merits of Plaintiffs' constitutional claims, see MTM, Inc. v. Baxley, 420 U.S. 799, 804 (1975), the Court will dismiss the action without prejudice. See Caldwell v. Camp, 594 F.2d 705, 708 (8th Cir. 1979). Accordingly, the Court need not consider Plaintiffs' pending motion for a preliminary injunction.

### III. CONCLUSION

Based on the foregoing, the Court concludes that Defendants' motion to dismiss (Doc. No. 23) is due to be GRANTED, as the Court must abstain from hearing Plaintiffs' claims based on the doctrine set forth in Younger v. Harris and its progeny. Because the action will be DISMISSED WITHOUT PREJUDICE, Plaintiffs' motion for a preliminary injunction (Doc. No. 19) is MOOT. A separate order will be entered.

IT IS SO ORDERED, this 19th day of January, 2001.

---
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE